IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NORMA J. SMITH,  :

    Plaintiff,

v.  :  Case No. 3:20-cv-140

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,  :

    Defendant.

JUDGE WALTER H. RICE

---

DECISION AND ENTRY OVERRULING WITHOUT PREJUDICE PLAINTIFF'S REQUEST TO TAKE DEPOSITIONS OF JOSHUA CHASE AND OTHER STATE FARM MANAGERS (DOC. #19); PLAINTIFF MAY RE-FILE REQUEST WITHIN 7 CALENDAR DAYS

---

Norma Smith has filed suit against State Farm Mutual Automobile Insurance Company seeking to recover uninsured motorist benefits to which she is allegedly entitled under the terms of her policy. She has also brought a claim of bad faith. Trial is set for August 2, 2021.

On March 31, 2021, State Farm filed a Motion for Partial Summary Judgment, Doc. #17, on the bad faith claim. In her response, Plaintiff asks for "additional time pursuant to Federal Rule 56(F) to take the deposition of Joshua Chase, the State Farm adjuster handling and State Farm managers reviewing Mr. Chase's handling of the subject matter . . ." Doc. #19, PageID#172.

The Court presumes that Plaintiff intended to cite to Fed. R. Civ. P. 56(d), which provides as follows:

> (d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows <u>by affidavit or declaration</u> that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d) (emphasis added).

In the memorandum in opposition to the motion for summary judgment, Plaintiff sets forth the reasons why she believes that State Farm acted in bad faith. She also explains whose depositions she wants to take, and why. However, none of these arguments is presented in the form of an affidavit or declaration as required by Fed. R. Civ. P. 56(d).

Plaintiff's counsel did attach an affidavit of attorney Matthew Bruder to the memorandum in opposition to State Farm's motion. However, that affidavit addresses only the <u>merits</u> of Plaintiff's bad faith claim. It says nothing about why depositions are needed before Plaintiff can present facts essential to justify her opposition to the pending motion for summary judgment.

Given Plaintiff's failure to comply with the requirements of Fed. R. Civ. P. 56(d), the Court OVERRULES WITHOUT PREJUDICE Plaintiff's request to take the depositions of Joshua Chase and other State Farm managers involved in handling her claim. Moreover, the discovery deadline in this case expired on March 1,

2021. *See* Doc. #14, and Notation Order dated March 30, 2021. At this point, Plaintiff has not shown good cause for modifying that deadline.

Accordingly, within 7 calendar days of the date of this Decision and Entry, Plaintiff may re-file a proper motion under Fed. R. Civ. P. 56(d), supported by an affidavit or declaration identifying reasons why she must take the depositions at issue before she can present facts essential to justify her opposition. Plaintiff must also show good cause for failing to comply with the March 1, 2021, discovery deadline.

Date: June 9, 2021

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE